UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MAURICE CLARKE,                    :

                    Petitioner,    :    13 Civ. 0126 (LAP)(HBP)

        -against-                  :    REPORT AND
                                        RECOMMENDATION
UNITED STATES OF AMERICA,          :

                    Respondent.    :

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/17

PITMAN, United States Magistrate Judge:

        TO THE HONORABLE LORETTA A. PRESKA, United States
District Judge,

I.  Introduction

        Petitioner Maurice Clarke moves for an order pursuant
to 28 U.S.C. § 2255 vacating the judgment of conviction entered
against him on July 30, 2006 by the United States District Court
for the Southern District of New York (Jones, D.J.) for one count
of conspiracy to distribute crack cocaine in violation of 21
U.S.C. §§ 846 and 841(b)(1)(A) and one count of possession of a
firearm in furtherance of the narcotics conspiracy in violation
of 18 U.S.C. § 924(c).  By that judgment, petitioner was sen-
tenced to a total of 300 months' imprisonment.  Petitioner is
currently incarcerated pursuant to that judgment.

Respondent moves to dismiss the petition on the grounds that it is both untimely and procedurally barred. For the reasons set forth below, I respectfully recommend that respondent's motion be granted and that the petition be dismissed as time-barred.

## II. Background

### A. Facts

On June 15, 2006, petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit (Notice of Appeal, dated June 15, 2006 (02 Cr. 1372, Docket Item ("D.I.") 258)). In that appeal, petitioner claimed that: (1) the trial court committed error by failing to give a multiple conspiracies charge at trial; (2) the evidence was insufficient to prove his guilt on the § 924(c) count; and (3) the trial court should have suppressed a firearm recovered from petitioner at the time of his arrest (Petition for Writ of Habeas Corpus, dated Feb. 24, 2009, (D.I. 1)("Pet.") at 3. The Court of Appeals affirmed the judgment of conviction on May 29, 2008. United States v. Thompson, 280 F. App'x 38 (2d Cir. 2008). On October 14, 2008, the Supreme Court denied petitioner's Writ of Certiorari. Clarke v. United States, 555 U.S. 956(2008).

The petition in this matter is dated February 24, 2010,

2

and I deem that to be the motion's filing date. In his present
motion, petitioner claims that the delay in filing his applica-
tion was caused by his inability to access his legal materials
from June 10, 2009 through October 23, 2009 while he was being
transferred between prison facilities (Equitable Tolling Applica-
tion, dated Feb. 24, 2010 (D.I. 1, Attachment 1[1]) ("Equitable
Tolling App.") at 3).

## B. Petitioner's Claims

Petitioner claims habeas relief is warranted because:
(1) he should not have been sentenced to a consecutive five-year
sentence for his conviction for violating 18 U.S.C. § 924(c); (2)
the trial court violated petitioner's right to speedy trial; and
(3) petitioner did not receive the effective assistance of
counsel (Pet. at 5).

As noted above, respondent contends that the petition
should be denied because it is both untimely and procedurally
barred.

---

[1]D.I. 1 is comprised of multiple documents such as the
petition, various documents from the Bureau of Prisons, a memo-
randum of law, etc. The Clerks Office has broken up these
documents and docketed them as attachments to the petition. The
attachment numbers used in citations to the record refer to the
attachment numbers assigned by the Clerks Office as reflected on
the ECF entry for D.I. 1.

III. Analysis

28 U.S.C. § 2255(f), as amended by Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Public Law No. 104-132, provides a one-year statute of limitations for habeas corpus petitions:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to filing an application created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>>
>> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA's limitations period ordinarily commences when a conviction becomes final. 28 U.S.C. § 2255(f)(1). "A conviction becomes final when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" Moshier v. United States, 402 F.3d 116, 118 (2d Cir.

4

2005), quoting Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner's conviction became final on October 14, 2008 when the Supreme Court denied his petition for Writ of Certiorari. In order to comply with the AEDPA's one-year limitations period, petitioner had to file his habeas corpus petition by October 14, 2009.

A pro se habeas petition submitted by an incarcerated individual is deemed filed on the date the individual delivers it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Noble v. Kelly, 246 F.3d 93, 98 (2d Cir. 2001) (extending the "prison mailbox rule" to petitions for habeas corpus). Thus, the earliest date on which petitioner's habeas corpus petition can be deemed filed is February 24, 2010, the date on which he signed it (Pet. at 7).[2]  See Hardy v. Conway, 162 F. App'x. 61, 62 (2d Cir. 2006) (noting that courts in this circuit have "tended to assume that prisoners' papers were given to prison officials on the date of their signing"). Because petitioner filed his application more than four months after the one-year limitations period expired, the petition is time-barred unless another provision or exception applies.

---

[2]It appears that the petition was sent directly to the chambers of the Honorable Barbara S. Jones, United States District Judge, now retired, in 2010. It was not sent to the Clerk's Office for docketing until 2013.

Petitioner does not argue that any of the provisions of §§ 2255(f)(2), (3) or (4) are applicable here and none appear to be applicable. Rather, petitioner claims that he is entitled to equitable tolling of the statute of limitations.

The AEDPA's one-year limitations period is subject to the doctrine of equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). However, equitable tolling is warranted only in "'rare and exceptional circumstances.'" Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011), quoting Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003). In order to toll the AEDPA's limitation period, the petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'" Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010), quoting Holland v. Florida, supra, 560 U.S. at 649.

In determining whether a petitioner was confronted with "extraordinary circumstances," "the proper inquiry is not how unusual the circumstance alleged to warrant the tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). The Second Circuit "set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable toll-

6

ing." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (per curiam).

Petitioner claims that the AEDPA limitations period should be tolled from June 10, 2009 through October 23, 2009 -- the period during which he claims he was denied access to his legal materials while being transferred between prison facilities (Equitable Tolling App. at 5).[3] Petitioner asserts that his inability to access these materials for over four months constitutes an "extraordinary circumstance" (Equitable Tolling App. at 3). However, "courts have routinely held the difficulties in filing a habeas petition created by transfers between prison facilities are not extraordinary circumstances for purposes of equitable tolling." Hall v. Cunningham, 03 Civ. 3532 (RMB)(GWG), 2007 WL 3145786 at *2 (S.D.N.Y. Oct. 29, 2007) (Report & Recommendation) (Gorenstein, M.J.), adopted at, 2008 WL 331368 (S.D.N.Y. Feb. 5, 2008) (Berman, D.J.); accord DeGrate v. Broad. Music Inc., 12 Civ. 1700 (RJS)(JLC), 2012 WL 5275260 at *4 (S.D.N.Y. Oct. 25, 2012) (Report & Recommendation) (Cott, M.J.), adopted at, 2013 WL 639146 (S.D.N.Y. Feb. 20, 2013) (Sullivan,

---

[3]Petitioner actually seeks an equitable toll for the period from June 10, 2009 through September 23, 2009. However, it appears that petitioner intended the period of the toll to extend through October 23, 2009, in light of his reference to "135 days" and the fact that October 23, 2009 was the date on which his legal materials were returned to him (Equitable Tolling App. at 3).

7

D.J.) (noting that prison transfers "are not the kind of circum-
stances that, by themselves, justify equitable tolling."); Amante
v. Walker, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) ("Generally,
transfers between prison facilities . . . and . . . inabilit[ies]
to secure court documents do not by themselves qualify as ex-
traordinary circumstances."). Accordingly, petitioner's transfer
between prison facilities does not constitute an extraordinary
circumstance meriting equitable tolling.

However, even assuming that extraordinary circumstances
were present, petitioner is unable to demonstrate that he was
pursuing his rights with reasonable diligence after the circum-
stances giving rise to the purported equitable toll began. In
addition to showing that extraordinary circumstances prevented
timely filing, "the petitioner must establish that he diligently
pursued his application during the time that he seeks to have
tolled." Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004).
Petitioner argues that he exercised reasonable diligence by
writing to Judge Jones on August 19, 2009, requesting an exten-
sion of time to file his petition (Letter from Petitioner to
Honorable Barbara S. Jones, dated Aug. 19, 2009 (D.I. 1, Attach-
ment 1) ("Pet. Ltr.") at 1). The Clerk of this Court responded
to petitioner's letter on September 3, 2009, explained that there
was no provision in the AEDPA that permitted a court to grant an

8

extension of the limitations period and recommended that petitioner submit his petition before the expiration of the limitations period (Letter from Pro Se Clerk to Petitioner, dated Sept. 3, 2009 (D.I. 1, Attachment 1) ("Clerk Ltr.") at 1). Despite this recommendation, petitioner made no attempt to assert his claims until four months after the expiration of the limitations period and, therefore, did not act with reasonable diligence during the time he seeks to have tolled. See Brown v. Bullis, No. 9:11 Civ. 647 (MAD)(ATB), 2013 WL 1294488 at *5 (N.D.N.Y. Mar. 26, 2013)(plaintiff's failure to attempt to file without legal materials "evince[d] a lack of diligence"); Padilla v. United States, supra, 2002 WL 31571733 at *4 (petitioner failed to demonstrate reasonable diligence where he made no attempt to file his petition without his legal materials).

The petitioner's lack of reasonable diligence is further demonstrated by his failure to file his petition promptly after receiving his legal documents. Petitioner received his legal papers on October 23, 2009 -- nine days after the limitations period expired (Equitable Tolling App. at 3). However, petitioner did not file his petition until nearly four months later, on February 24, 2010 (Pet. at 7). Petitioner does not claim that any other circumstances delayed the filing of his petition during this four-month period, nor does petitioner

9

explain why it took him so long to file his petition after receiving his legal materials. This four-month delay after petitioner received his legal papers is fatal to his request for an equitable toll. See Padilla v. United States, supra, 2002 WL 31571733 at *4 (petitioner failed to exercise reasonable diligence where he waited three months to file his petition after obtaining access to his legal documents). These periods of inaction, both while petitioner was unable to access his legal documents, and after he received them, establish that petitioner failed to act with reasonable diligence, and, thus, is not entitled to an equitable toll.

In light of my conclusion that the petition is time-barred, I need not address whether petitioner's claims are procedurally barred, or the merits of the claims.[4]

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that respondent's motion be granted and that the petition be dismissed as time-barred.

In addition, because petitioner has not made a substan-

---

[4]I have not overlooked the Supreme Court's holding in McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) that a tenable claim of actual innocence can provide an exception to the limitations period. Petitioner makes no claim of actual innocence and it is, therefore, not necessary to address this issue.

tial showing of the denial of a constitutional right, I also
recommend that a certificate of appealability not be issued.    28
U.S.C. § 2253.    To warrant the issuance of a certificate of
appealability, "petitioner must show that reasonable jurists
could debate whether . . . the petition should have been resolved
in a different manner or that the issues presented were adequate
to deserve encouragement to proceed further."    Middleton v.
Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam)
(internal quotation marks omitted); see also Love v. McCray, 413
F.3d 192, 195 (2d Cir. 2005) (per curiam).    For the reasons set
forth above, I conclude that there would be no difference of
opinion among reasonable jurists that the petition is untimely.

I further recommend that certification pursuant to 28
U.S.C. § 1915(a)(3) not be issued because any appeal from this
Report and Recommendation, or any Order entered thereon, would
not be taken in good faith.    See Coppedge v. United States, 369
U.S. 438, 444-45 (1962).

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.    See also Fed.R.Civ.P. 6(a).    Such objections (and

11

responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Loretta A. Preska, United States District Judge, 500 Pearl Street, Room 2220, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Preska. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        April 10, 2017


                                Respectfully submitted,


                                HENRY PITMAN
                                United States Magistrate Judge

Copies mailed to:

Mr. Maurice Clarke
Reg. #53988-054
FCC Yazoo City Medium
Federal Correction Complex
P.O. Box 5000
Yazoo City, Mississippi 39194

Christian R. Everdell, Esq.
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007