UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MAURICE CLARKE,                     :    13-CV-0126 (LAP)
                                    :
          Petitioner,               :    MEMORANDUM & ORDER
                                    :    ADOPTING REPORT &
                                    :    RECOMMENDATION
     v.                             :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
                                    :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-4-19

LORETTA A. PRESKA, Senior United States District Judge:

    Petitioner Maurice Clarke ("Petitioner" or "Clarke"), proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, (Petition, Feb. 24, 2010, dkt. no. 1) and petitions this Court to reject the Magistrate Judge's Report and Recommendation (the "Report" or "R&R") pursuant to 28 U.S.C. § 636(b)(1). (See Obj. to the Report and Recommendation, dated May 30, 2017, dkt. no. 19 ("Objections")). In 2006, a jury in this court convicted petitioner of: (1) conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); (2) possession of a firearm in furtherance of the narcotics conspiracy in violation of 18 U.S.C. § 924(c). (United States v. Williams, et al., No. 02 Cr. 1372 (S.D.N.Y. Jul. 30, 2006). The district court sentenced petitioner to an aggregate 300-month term of imprisonment. (Id.)

1

The petitioner's conviction and sentence were affirmed on appeal, and the Supreme Court subsequently denied Petitioner's Writ of Certiorari. United States v. Thompson, 280 F. App'x 38 (2d Cir. 2008); Clarke v. United States, 555 U.S. 956 (2008).

On February 24, 2010, Clarke moved for an order pursuant to 28 U.S.C. § 2255 vacating the judgment of conviction entered against him on July 30th, 2006. (Petition, Feb. 24, 2010, dkt. no. 1). Petitioner's motion was dismissed as time barred. (R&R at 10, Apr. 10, 2017, dkt. no. 17).

For the reasons stated below, the Petitioner's objections to the Report are DENIED.

I. BACKGROUND

The Court assumes familiarity with the factual background and relevant procedural history as set forth thoroughly in the Report. (R&R at 2-4). Clarke's habeas petition articulates three claims: (1) he should not have been sentenced to a consecutive five-year sentence for his conviction for violating 18 U.S.C. § 924(c), (R&R at 3); (2) the trial court violated petitioner's right to speedy trial, (id.); (3) petitioner did not receive the effective assistance of counsel, (id.) The Report found that petitioner's claims were time-barred, (R&R at 10), and as a result Judge Henry B. Pitman did not address the merits of the claims. (id.)

2

II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When timely objections have been made to the Report, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

However, when a petitioner objects by simply reiterating previous arguments or making only conclusory statements, the Court should review such objections for clear error. See Genao v. United States, No. 08 CIV. 9313, 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings . . . such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servis., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing Camardo v. Gen Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 381-82 (W.D.N.Y. 1992)). Further, because "new claims may not be raised properly at this late juncture," such claims "presented in the form of, or along with,

3

'objections,' should be dismissed." Pierce v. Mance, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009).

III. DISCUSSION

Judge Pitman noted that petitioner had filed his habeas corpus petition over four months after the one-year limitations period had expired and further found that the petitioner failed to demonstrate that he had been pursuing his rights diligently. (R&R at 4-10). Additionally, the Report notes that petitioner failed to show the presence of "extraordinary circumstances" necessary to entitle petitioner to equitable tolling of the limitations period. (Id.)

Judge Pitman further noted that pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, Petitioner had fourteen days from receipt of the Report to file written objections. (Id.) Therefore, petitioner's objections were due by April 24, 2017. On May 30, 2017, thirty-six days after the limitations period expired, petitioner filed his written objections to the Report. (See Objections at 1). In light of the fact that petitioner's objections were filed over one month after the limitations period expired, his written objections are time-barred.

Even if petitioner had timely filed his objections, his claims fail nonetheless. Petitioner raises three objections to the Report: (1) the Report does not address petitioner's claim

4

that the government's invocation of the statute of limitations under 28 U.S.C. § 2244 is unconstitutional, (id. at 3); (2) The Magistrate Judge erred in finding that petitioner was not entitled to equitable tolling of the limitations period with regard to his petition for habeas corpus, (id.); (3) The government and petitioner have come to a private agreement that the one year statute of limitation will not be imposed. (Id. at 10).

In his objections, Clarke objected generally to the Report's conclusions and merely restated claims that were raised in his earlier petition. Accordingly, Petitioner's objections only merit review for clear error. Genao, 2011 WL 924202, at *1.

1. Constitutionality Claim

Clarke first objects to the R&R on the grounds that the Magistrate Judge failed to address petitioner's claim that the government's invocation of AEDPA's one-year statute of limitations is unconstitutional. (Objections at 3). In the R&R, Judge Pitman declined to address this argument, noting, "In light of my conclusion that the petition is time-barred, I need not address whether petitioner's claims are procedurally barred, or the merits of the claims." (R&R at 10). According to Clarke, "The failure of the Magistrate to address the merits of such a

constitutional claim warrants the R&R to be rejected." (Objections at 3).

First, petitioner provides no legal precedent to support this conclusory contention. This Court is unaware of any case law supporting the notion that a Judge's failure to address an argument on the merits warrants rejection of that opinion in the context of a time-barred claim. On the contrary, it is well accepted that, "[where] a sufficient basis exists for dismissal of Plaintiffs' complaint on statute of limitations grounds, [the Court] need not address the merits of their claims." Young v. GM Inv. Mgmt. Corp., 550 F. Supp. 2d 416, 420 (S.D.N.Y. March 24, 2008); See Crenshaw v. Syed, 2011 U.S. Dist. LEXIS 79519, *4 (N.D.N.Y July 21, 2011) (Noting that where a Magistrate Judge's R&R barred a complaint on statute of limitations grounds, the R&R does not address the merits of the complaint.); See Can v. United States Drug Enforcement Agency, 764 F. Supp. 2d 519, 521 (W.D.N.Y. Jan 21, 2011) ("failure to bring [an] action within the statute of limitations provides a basis for dismissal of the complaint upon that ground alone."). As a result, the R&R's failure to address the merits of petitioner's claims after concluding that they were time-barred does not constitute clear error.

2. Equitable Tolling Claim

Clarke claims that the Magistrate Judge erred in finding that he is not entitled to equitable tolling of the limitations period. (Objections at 3). In his objections, petitioner rehashes many of the arguments made in his original equitable tolling application. (Compare Objections at 3-10 with Equitable Tolling Application, dated Feb. 24, 2010, dkt. no 1). As noted in the R&R, equitable tolling of the AEDPA's limitation period is only warranted in "rare and exceptional circumstances," and in order to be entitled to equitable tolling a petitioner must show (1) that he has pursued his rights diligently, and (2) that extraordinary circumstances prevented timely filing. (See R&R at 6 (citing Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010)). Judge Pitman found that petitioner failed to satisfy either of these two prongs, and petitioner's objections to the contrary are not persuasive.

In his objections, petitioner relies heavily on the facts in Valverde v. Stinson, 224 F.3d 129 (2d Cir. 2000), and U.S. v. Noble, 2013 U.S. Dist. LEXIS 94393 (W.D. Pa. July 8, 2013), to claim that his loss of legal papers during prison transfers constituted "extreme circumstances" worthy of equitable tolling. (See Objections at 4-5). However, petitioner's circumstances do not mirror the circumstances in either Valverde or Noble.

7

In Valverde, unlike here, the defendant claimed that a corrections officer intentionally and wrongfully confiscated his legal materials. (See Valverde, 224 F.3d at 133-34). It was this alleged "misconduct on the part of the Correction Officer" that the court held would constitute "extraordinary circumstances" that warrant equitable tolling. (Id. at 135).

In Clarke's case, however, his legal papers were confiscated during routine transfers between prison facilities. Petitioner recognizes in his objections that his papers were confiscated during these transfers, and he makes no argument that any confiscation was intentionally obstructive or wrongful. (See Objections at 5-6). This difference in circumstances is fatal to petitioner's claim that his circumstances are "extraordinary" so as to warrant equitable tolling. "[C]ourts have routinely held the difficulties in filing a habeas petition created by transfers between prison facilities are not extraordinary circumstances for purposes of equitable tolling." (See R&R at 7 (citing Hall v. Cunningham, 03 Civ. 3532 (RMB) (GWG), 2007 WL 3145786 at *2 (S.D.N.Y. Oct. 29, 2007))).

Clarke asserts that "[t]he circumstances of Noble greatly mirror that of [petitioner]," though this is also unpersuasive. (Objections at 5). First, Noble is not binding on this court. Even assuming, for the sake of argument, that the decision were

8

binding, the circumstances in Noble differ from Clarke's circumstances in two critical respects. First, the defendant in Noble had his documents confiscated "a mere nine days before the filing deadline." (See Noble, 2013 U.S. Dist. LEXIS at *16). The Noble court found the fact that the papers were confiscated so shortly before the deadline to weigh heavily in favor of finding that "extraordinary circumstances" existed. (Id.)

Here, Clarke had his materials confiscated four months before the limitations period tolled. Indeed, the court in Noble noted that deprivation of legal material is generally not sufficient to warrant tolling and that "[t]his is particularly true when the deprivation occurs 'early in the limitations period when there is adequate time to correct the problem.'" (Id. at 11 (citing Robinson v. Johnson, 313 F.3d 128, 142-43 (3rd Cir. 2002)). Because Clarke had four months to submit his petition after his materials were confiscated, the circumstances preventing his timely filing do not match those in Noble.

Furthermore, the defendant in Noble filed his petition "as quickly as possible" after his materials were returned. (Id. at 17). In fact, petitioner specifically mentions that the defendant in Noble filed his petition "[one] week after receiving his property." (See Objections at 5). In this case, however, Clarke did not file his petition until four months

9

after he received his legal materials. (See R&R at 2-3). Petitioner argues in his objections that he "needed [the four month period] to not only draft the ineffective assistance of counsel claim but to also research and draft the attached equitable tolling claim." (See Objections at 9). Clarke further claims that any attempt to file a petition during the time he did not have his legal materials would have inevitably been rejected. (See Objections at 6-7). Petitioner's explanations are unavailing, as courts have regularly held that a failure to attempt to file a petition without legal materials demonstrates a lack of diligence. (See R&R at 9 (citing Brown v. Bullis, No. 9:11 Civ. 647 (MAD)(ATB), 2013 WL 1294488 at *5 (N.D.N.Y. Mar. 26, 2013); Padilla v. United States, 2002 WL 31571733 at *4)). Due to petitioner's failure to satisfy either of the prongs needed to justify equitable tolling, there is no clear error with regard to the findings of the Report.

### 3. Private Agreement Claim

Finally, petitioner asserts that the government and petitioner had come to an agreement that the one year statute of limitations would not be applied in this case. (Objections at 10). Petitioner raises this argument for the first time in his objections. Due to the fact that "new claims may not be raised properly at this late juncture," such claims should be

dismissed. Pierce v. Mance, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009); See Gonzalez v. Garvin, No. 99 Civ. 11062, 2002 U.S. Dist. LEXIS 7069, at *2 (S.D.N.Y. Apr. 22, 2002) (dismissing the petitioner's objection "because it offers a new legal argument that was not presented in his original petition, nor in the accompanying Memorandum of Law"). Even if petitioner had previously raised this argument, his claim must fail nonetheless. The document which petitioner refers to as containing the alleged agreement was prepared by petitioner himself. (See Objections, "Exhibit 2" at 1). It is not an affidavit prepared by the government, and there is nothing in the document suggesting that the government or any representative of the government has agreed to the document's terms. (Id. at 1-9). Consequently, the document can be afforded no weight.

IV. CONCLUSION

For the foregoing reasons, Clarke's objections to the Report and Recommendation are denied.

SO ORDERED.

Dated: New York, New York
February 4, 2019

_____
LORETTA A. PRESKA
Senior United States District Judge

11